RYDER, Acting Chief Judge.
Appellee, the executive director of the Humane Society of Tampa Bay, sought a permanent injunction against Hillsborough County (County) and Daniel Gorman (as director of the Hillsborough County Department of Animal Control) to stop the County’s practice of supplying animals to the University of South Florida (USF) for medical research. The practice is common *1106 ly known as “pound seizure.” USF intervened. After a nonjury trial, the trial court entered an order enjoining the County and Gorman from transferring animals to USF for medical research. The trial court found at the close of trial[1] that the practice was not “humane” and, as such, it violated the County’s own ordinance (81-20, § 5) which required a “humane” disposition of all unwanted animals. The County and USF both appealed.[2]
Appellants urge upon us several suggested grounds for reversal. We need reach only the first. We reverse on the ground that appellee did not have standing to bring the suit. Our review of the record convinces us that appellee had neither pleaded nor proven any “special injury” which would vest in him standing to bring this action.[3] See generally United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla.1974). Appellee made no allegations or assertions that he was bringing suit on behalf of the Humane Society, so we need not decide whether the association would have had standing.
We reverse, quash and set aside the permanent injunction ordered by the trial court. We note in closing that the concerns of the trial court no longer exist, because in the time between the issuing of the injunction and the oral argument for this appeal, the Hillsborough Board of County Commissioners enacted ordinance 87-7, which expressly authorizes the transfer of unwanted animals to USF for medical research.
Reversed.
CAMPBELL, J., and BOARDMAN, EDWARD F. (Ret.) J., concur.

. The trial court’s oral findings and conclusions were expressly incorporated into its written order.

. Appellee has failed to present the merits of his position in either written brief or oral argument. We shall not speculate as to the reason for this inaction.

.Paragraph 2 of appellee’s "Amended Complaint for Permanent Injunction" states: ‘That Plaintiff is a citizen and resident of Hillsbor-ough County, Florida and is currently the Executive Director of-the Humane Society of Tampa Bay."